Good morning, Your Honors, and thank you for that gracious welcome this morning, Your Honor. I would like to reserve three minutes for rebuttal if I can, and I'll keep an eye on the clock and try to avoid the deficit spending you warned me about. I'd like to focus in the few minutes I have today on an argument, on the first argument I raised in the brief, and that's the State's decision to enhance punishment by relying on a juvenile prior conviction that was obtained without benefit of a jury trial. And there is much I'm sure the Court is aware of the briefing that my colleague from the Attorney General's Office and I disagree on, so I thought I'd start with a point that's not in dispute, and that's the essential holding of Burgett v. Texas. In Burgett v. Texas, the Supreme Court held 40 years ago that a State may not enhance a conviction by relying on a prior conviction that was obtained without the benefit of the Sixth Amendment right to counsel. And, of course, in this case, the Sixth Amendment right that was not afforded was not the right to counsel, as in Burgett. It was the right to a jury trial. Go ahead. What about our Boyd decision? How do you reconcile that with what you're asking the Court to do? Yes. The Boyd decision, of course, does not discuss Burgett. It discusses whether the prior juvenile conviction falls within the prior conviction exception to Apprendi. And if I was arguing here that, in fact, I thought the juvenile prior in California should fall within the prior conviction exception or should not fall within the prior conviction exception from Apprendi, Boyd and John Charles would require this Court under the law of the circuit to reject that argument. I am not making the argument that was addressed in Boyd. This is not the argument that was addressed in John Charles. This is a different argument that relies entirely on Burgett v. Texas. So you're saying the only reason they came out the way they did in Boyd and John Charles is because nobody thought about Burgett? That's exactly what I'm saying. And if you look at the briefing, you'll see it wasn't presented in Burgett. And this Court's authority makes clear that cases are not authority for propositions that were not presented or considered. This proposition, the Burgett v. Texas proposition, was neither presented nor considered in either Boyd or John Charles. What about the other several other circuits who also agree with Boyd and John Charles? There are, indeed, several other circuits that have addressed the Apprendi question and agreed with Boyd and John Charles. They have not addressed the Burgett v. Texas issue. And, indeed, the State doesn't address it in its brief here either, which I think may account for some of the Court's questions on this. But I think when you look at Burgett v. Texas, and I concede that there is a critical fact that's different in this case, although I don't think ultimately it's critical, there's an important fact that's different. The right that was violated was not or the right that was not afforded in the fire was not the right to counsel. It was the right to a jury trial. And the State's position has to be, in order to distinguish Burgett, is that under 2254d, the State court was reasonable not to extend Burgett to a situation where the prior involved not the right to counsel, but the right to a jury trial. And so it behooves me to say that I think the Court needs to consider two points about 2254d and two points about Burgett v. Texas as it decides this question of first impression. 2254d, obviously the State and I will have a basic disagreement about this. Panetti v. Quarterman and Locker v. Andrade make clear that a Federal court doesn't have to wait for an identical factual case in order to grant habeas relief. And we know from the Supreme Court decisions in Yarborough that, in fact, the State court's refusal to extend a principle can violate Federal law, notwithstanding 2254d, if that principle is logically something that should be extended. And so that brings me to the two comments I want to make on Burgett v. Texas. One is that when you look at Burgett, and especially in light of the Supreme Court's reading of Burgett several years later in Lewis, the reason that you cannot rely on a prior conviction to enhance when that prior conviction was obtained without benefit of the Sixth Amendment right to counsel is that it's unreliable. We know that from Lewis. Now, the Sixth Amendment contains a number of different rights that are afforded to criminal defendants. Some deal with reliability and some do not. And so the question is, is this 2254d insulate a State decision that refuses to extend Burgett to a prior conviction where the defendant wasn't afforded one of the other rights that goes to reliability, one of the other Sixth Amendment rights? Let me ask you another question, which is some concerning to me. In this particular case, it's my understanding that the Petitioner declined his right to jury trial in this very instance. Is that true? No. This was a jury trial, Your Honor. Oh, oh, with respect to the priors. Right. I'm sorry. Yes, he admitted the priors. So he declined his right to challenge them in a jury trial situation and, in fact, admitted them. He did admit them, yes. Does that factor in our analysis? Because he's now got counsel, he now has counsel sitting to the side of him who's giving him some idea about what he should do. He has a chance, if he wants, to go to jury trial on those convictions. And he doesn't. Does that enter into our analysis, if we go as far as you want to go? I don't think it does, because what he has a chance in this, in the current proceeding, is to have a jury trial on whether or not he was convicted of the priors. That isn't an issue. The question ---- Frankly, I've seen a couple of those trials where one was arguing that in those instances, they should not use those particular convictions. And it would seem to me that if one had a good counsel like you, one would be up suggesting all that to the good jury, and they may not have done it. I think that argument would fall under a notification argument, which would be improper. Okay. I just wanted to see where you would go with that, and I understand your question, which bothers me then, given that what we have in our case law, it seems to me that if we can get to your question, it's really something somebody with 11 judges has got to do rather than three. That would ---- That rests on the assumption that the law of the case doctrine would indeed control. And if that were true, I would agree with you, Your Honor, that the court would then have to follow John Charles and Boyd, and perhaps I might have success or not in an en banc review. But since this issue wasn't addressed, I don't believe the law of the circuit doctrine does bind this panel. I think the Burgett v. Texas issue is wide open. And when you look ---- Well, that assumes that each case has to discuss every other case. Otherwise, it becomes clearly established Supreme Court law. I just don't see that at this point anyway. I don't believe that our cases have to decide, discuss every other Supreme Court case out there in order for some lawyer not to say, Well, here's another Supreme Court case for you. Here's another one. Here's another one. Here's another one. What we said pretty clearly, I think, was that there is not clearly established Supreme Court law on the subject. Actually, I ---- and it will come as no surprise to Your Honor to know that I disagree. I don't think that was said either clearly or not clearly. What was said was that the Apprendi prior conviction exception, that this did not fall outside the Apprendi prior conviction exception. That was clear. That is not my argument at all. My argument depends entirely on Burgett v. Texas, which wasn't cited or discussed, and it's an entirely different theory of the case. My worry is, and the reason I ask you the question, because I thought that may be what you would argue, what are you going to do with people v. win, the California case, which says the use of prior juvenile convictions does not offend Apprendi, and then it says, however, must be afforded the right in this case to have the jury decide whether the prior conviction should be used, which your client was given, and he declined. And he said instead, I admit these violations. So under California law, it seems pretty clear he was given everything he needed to get. And now we have the California court saying, not a problem. It's the way it ought to be. And now I, based on it, a review, am supposed to undo it. Well, I wouldn't say undo it, but what I would say is that you're right. The state courts have held, in accord with Boyd and John Charles, that the Apprendi exception, this falls within the Apprendi exception, and therefore he's not entitled. They go further than that. They say, however, must be afforded the right in this case to have the jury decide whether the prior conviction should be used. And in the context of California law, Your Honor, what that means is that this jury decides, and the only thing this jury decides, is whether, in fact, you permitted the prior conviction, not whether in some normative sense this is a conviction that can be used or can't be used, in which case a good lawyer could argue it shouldn't be used for these reasons. That's not permissible, a permissible inquiry under California law. I see. I understand your argument. You've got eight seconds. I've got eight seconds for my rebuttal. Thank you, Your Honors. May it please the Court. Deputy Attorney General Matt Mulford on behalf of the Worden. Judge Smith, you anticipated all of my points. This issue is controlled by Boyd and John Charles to the extent, for there is some lingering thing out there that it hasn't been squarely addressed. It's controlled by People v. Wynne State Court. That could be wrong. Even if it is wrong, it's not unreasonable, and we know it's not unreasonable, because the other circuits have come out that way. He did have the right to have a jury trial on his prior that he waived. I think that factors into this certainly. And finally. Is that how you address Burgett? I mean, did he have a right to counsel when he had his juvenile adjudications? No. Nichols v. United States says you don't, and that's a 1994 case, and it's not in our briefing, but I think that's the reason why Burgett doesn't apply. But should that not affect at all whether or not the priors count as convictions here? I guess I didn't follow the question. Should that in any way, though? I think your colleague over here is saying that we should revisit that now. There's no reason to revisit the John Charles issue, the Nguyen issue, because in 1994 the United States Supreme Court, Nichols v. United States, says it is appropriate to consider for enhancement purposes a conviction that was injured or reached without the benefit of a jury trial. The facts of Nichols were it was a misdemeanor jury trial where there was no punishment involved at all, and so it is permissible to have a misdemeanor jury trial that cannot result in punishment without a jury. He was convicted. Later on, when he reoffended, they used that misdemeanored jury-less conviction to enhance the current sentence. Supreme Court Nichols said that's fine, and that's essentially what we have here with a juvenile adjudication that occurs without a jury that is being used to later enhance a future sentence. So I think the Burgett argument has been resolved by the Supreme Court. I have the slide. Nichols isn't in your briefing. Nichols is not in our brief. That's why I didn't ask him about it. It's not there, Your Honor. It's 511 U.S. 738. It's a 1994 case. Right. I didn't appreciate the extent of the Burgett argument until reading the reply brief. My apologies. I'd be happy to discuss the other three issues, but the district court and the magistrate judge resolved this case very well. I guess I'd want you, if you would, to address the freestanding innocence claim. There's no Supreme Court authority that suggests that a freestanding innocence claim can be adopted. This circuit has held that possibly there's a rare case out there. This case isn't the reason. This case is not the place to do it for a couple reasons. One, the ineffective assistance of counsel claim pretty much subsumes all the new evidence. So if you can get there that way, I think. If there's a problem with the evidence, counsel's failure to investigate it, that's the hook that will get you in without there being a freestanding ineffective assistance of counsel claim. So you're saying rather than going on freestanding independent claim of actual innocence, we should use the ineffective assistance of counsel claim? I wouldn't use the word should, but if you were inclined to do so. How could we use actual innocence freestanding anyway? On what basis would we do it? Again, you should not do it, and I see none in this record. I don't understand why we shift to something else at that point. If there's no clearly established Supreme Court law, I take it you're not conceding that we can consider it anyway in reviewing the case? I'm not conceding that. You should not do that. There is a suggestion from Ninth Circuit authority that you could do it, but you should not do it. So if I was not clear. Well, Ninth Circuit authority, for example, Carragher, doesn't even say that. They never come to grips with the question of whether there is such a claim. They just say, like the Supreme Court, well, you don't meet it. Isn't that what they say? That's what I meant to say here if I stumbled on this. There's no reason to go anywhere. It's not here. Evidentiary hearing. Should an evidentiary hearing have been granted here? No, Your Honor. The evidence was all presented in state court and was resolved in a, I think, 17-page collateral opinion by the Superior Court. And so all the evidence, all the documents that were presented were addressed, and the judge went through each piece and said, you know, you said someone came forward and said on such and such a day this happened and did not happen, and the judge said, even if it did, it doesn't matter. And so by doing that, by going through each piece of new evidence, he functionally had his hearing, even though there was no calling of witnesses. The judge said, based on all the things you have presented, you still cannot get relief. Well, if the people who signed the affidavits were responsible for these crimes, how would not Mr. Barnow be prejudiced? Many of the affidavits concerned, well, for example, the first crime for which Mr. Barnow is punished for 25 to life is a stalking crime, and that involves acts that can occur over quite a wide period of time. And so even if other people other than Mr. Barnow contributed to the victim's stalking, it does not disprove or not rebut the fact that Mr. Barnow himself acted to stalk her. And so that's why count one, the 25 to life conviction for stalking that he's serving cannot be undone by the new evidence. And there are similar reasons regarding the other pieces of evidence, such that any error is not prejudicial under the Strickland standard. It's my understanding he got 25 to life on the stalking? One of the stalking charges, yes. And then 25 to life on one criminal threat conviction? Correct, to another person, yes. And that those were applied consecutively to each other? Consecutively, correct, yes. Then all the rest, two were stayed and two were imposed but concurrent? Correct. What happened with the stalking after service of the restraining order? I believe that's one of the concurrent terms. I looked all the way through to try to find it, and I was trying to make sure. I think it was concurrent because he got 50, but I couldn't find that in the records. I believe that's correct, Your Honor, and I'd be happy to double-check if you'd like. My understanding and my memory is that the two crimes that were stayed were both criminal threats suffered by the victim of the two different stalking incidents, the one before and the one after the issuance of the restraining order. Right. And then they got, for the misdemeanors, it was time served? Time served, yes. They're all gone. That's what I understood. Yes, that's my understanding as well. Actually, there was one final point I would like to make. California voters enacted a three-strikes resentencing law two years ago. Mr. Marno is not eligible, at least it's my understanding, and Mr. Garner can correct me. He's not eligible to get his sentence reduced under the newly amended, softer version of the crime due to his seven current convictions for the uttering the criminal threats. So that has taken him out of the possibility of getting a resentence, if it matters. If there are no further questions. No one argued that, so thank you. Thank you. I'd give you 30 seconds if you want, Mr. Garner. I had a great walk this morning. I'm glad to hear it. You walked better than I do. I walked in the snow. I'm glad to hear it. Even though I'm from New York, I couldn't do much for eight seconds. Obviously, Nichols v. United States wasn't in the state's brief. I'm happy to look at it. I'm not familiar with it off the cuff, but I will certainly look at it as soon as I get to my office. One point I'll make then about the stalking issue that counsel referred in response to your question about whether there should be an evidentiary hearing. The stalking incident that counsel referred to was based on two incidents that the victims testified to. There were calls that were made and there was vandalism. I think it was of a car. The information presented in state court was that someone else made the calls and someone else committed the vandalism and there were confessions from people on both those. So it wasn't a series of events which someone may have done one and Mr. Barno still did three. It was the entirety of the offense, in which case the state courts were required under state law to assume the truth of those allegations and assuming the truth, see if a prima facie case had been pled. That's why an evidentiary hearing is required here because as you go through each of the incidents, the state court's decision to assume the truth and yet not give an evidentiary hearing was unreasonable under 2254D. Unless the court has questions, I'm prepared to submit it. Thank you both for your argument. We appreciate it. Appreciate you coming today. Thank you very much. Thank you, Your Honor.
judges: Fernandez, Smith, Murguia